IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RSUI INDEMNITY COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. |
| | ) | 2:11cv893-MHT |
| SEALY REALTY COMPANY, INC., | ) | (WO) |
| and TUSCALOOSA REALTY | ) | |
| COMPANY, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION AND ORDER

Plaintiff RSUI Indemnity Company, a Georgia-based insurance provider, brings this action for declaratory judgment against defendants Sealy Realty Company and Tuscaloosa Realty Company, seeking a judicial determination of RSUI's liability under the terms of an insurance agreement. The case is now before the court on the realty companies' motion to transfer venue. For the reasons that follow, that motion will be granted and this case will be transferred to the Northern District of Alabama.

## I.   BACKGROUND

This case arises out of tornado damage to an apartment complex in Tuscaloosa, Alabama, a city within the Northern District of Alabama.  Sealy Realty Company is the first named insured on an insurance policy from RSUI protecting the owners of that complex.  The crux of the dispute is whether RSUI's liability is capped at the listed building value of the apartment complex (approximately $ 8.5 million) or it extends to the aggregated listed building value of all of the RSUI-insured buildings damaged by the tornado.

## II.   MOTION TO TRANSFER VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  District courts are vested with "broad discretion in weighing the

conflicting arguments as to venue," England v. ITT Thompson Indus., 856 F.2d 1518, 1520 (11th Cir. 1988), and may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be [easiest, and] most expeditious and inexpensive." C.M.B. Foods, Inc. v. Corral of Middle Ga., 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (Thompson, J.) (alteration in original) (internal quotation marks omitted).

Resolution of a § 1404(a) motion calls for a "'case-by-case consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). First, the court must determine whether the action could "originally have been brought in the proposed transferee district court." Folkes v. Haley, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.). If so, the court must "decide whether the balance of

convenience favors transfer." Id. (internal quotation marks omitted).

The realty companies propose that this case be transferred to the Northern District of Alabama. It is undisputed that RSUI could have brought suit in that district: There is personal jurisdiction over both defendants because each is an Alabama corporation organized under the laws of this State, and venue would also be proper because "a substantial part of the events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(b)(2).

Because both venue and jurisdiction would be proper in the Northern District, the only question before this court is whether transfer "for the convenience of the parties [and] in the interest of justice" is appropriate. 28 U.S.C. § 1404(a); Folkes, 64 F. Supp. 2d at 1155. The court concludes that the realty companies have carried their burden of demonstrating that those considerations weigh heavily in favor of transfer.

The balance of convenience favors transfer to the Northern District, which is where the property itself, the people responsible for its management, and the site of the events giving rise to this dispute are all located. Furthermore, nearly all of the witnesses and evidence that the realty companies are likely to rely on at trial are located in the Northern District, meaning that it would be substantially easier for the realty companies to present their evidence in that district than it would be for them to present the same evidence in this court. On the other hand, only the original contract documents and some of RSUI's witnesses are located outside the Northern District. But even they are not in the Middle District of Alabama, but rather in Atlanta, Georgia. As a result, there is no material difference in convenience for RSUI if the case is moved to the Northern District: It is just as easy (if not easier) to get documents and witness from Atlanta to Birmingham as it is to get them from Atlanta to Montgomery. Moreover, every

Alabama attorney in this case--including RSUI's local counsel--has his or her office in the Northern District. It would undoubtedly be easier for them to litigate this case in that district than it would for them to travel to the Middle District every time their presence was required in court.

None of the convenience offered by the Northern District is available without a transfer, for this case has absolutely no connection to the Middle District. None of the evidence and no witnesses are located here; and neither the parties nor the underlying events have any material ties to this district. It would therefore be substantially more convenient for the parties to litigate this case in the Northern District.

RSUI responds by asserting that this litigation primarily revolves around documents that can be transported electronically, rather than around testimony from live witnesses, and it is therefore unlikely that one location will be substantially more convenient than

another. But this argument assumes improperly that the court will find the contract unambiguous and therefore rule based on what RSUI identifies as its plain language. Put another way, this case is a simple one only if RSUI is correct, and that determination has not yet been made. Moreover, even if this case could be resolved without any witness testimony, it does not alter the fact that this case is intimately tied to the Northern District and wholly unconnected to the Middle District and therefore transfer is certain to offer some efficiency gains, even if related to only convenience of counsel located in that district.

The interests of justice also favor transfer. One factor that weighs heavily in this case is the local interest in deciding local controversies. See Tradimpex Egypt Co. v. Biomune Co., 777 F. Supp. 2d 802, 810 (D. Del. 2011) (Stark, J.) ("the local interest in deciding local controversies" is a factor to consider in resolving a motion to transfer venue); 32A Am. Jur. 2d Federal

Courts § 1271 (same).  This litigation arises out of the devastating tornadoes that swept through the Northern District of Alabama in April 2011.  This was no small event for that community, which retains a strong interest in resolving related litigation.  See Frankel v. McDonough, 2010 WL 3222498, at *2 (S.D. Fla. Aug. 13, 2010) (Hoeveler, J.) ("To determine whether the interest of justice and the convenience of the parties are met by a transfer, courts weigh a number of factors, including ... whether the claims arose elsewhere.").  Absent some reason to try this case outside of that district, this interest should be protected.

RSUI responds by arguing that this court should defer to the plaintiff's choice of forum.  Doing so would be appropriate in many cases.  See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).  Were RSUI a local entity seeking to litigate this case on its home turf, considerable deference would be due.  Similarly, if RSUI had sought out a forum with some connection to the

8

dispute, then there would be little need for the transfer, particularly if doing so "would merely shift inconvenience from the defendants to the plaintiff." Id. But here only minimal deference is required because RSUI brought suit outside its home forum and in a district with no connection to the dispute. See Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (Moore, J.) ("[W]here a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper."). It is therefore substantially easier for the deference due RSUI's choice of forum to be outweighed by other considerations. In this case, considerations of convenience and justice do substantially outweigh RSUI's selection of the Middle District of Alabama and compel this court to transfer the case to the Northern District.

***

For the forgoing reasons, it is ORDERED that defendants Sealy Realty Company, Inc. and Tuscaloosa Realty Company, Inc.'s motion to transfer venue (doc. no. 14) is granted and this lawsuit is transferred in its entirety to the United States District Court for the Northern District of Alabama.

Any other pending motion is left for resolution after transfer.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 25th day of January, 2012.

                                                         /s/ Myron H. Thompson  
                                        **UNITED STATES DISTRICT JUDGE**